IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION


FILED
AUG 14 2017
Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| In re:<br><br>YELLOWSTONE MOUNTAIN CLUB, LLC, *et al*,<br><br>        Debtors.<br><br>---<br><br>BRIAN A. GLASSER, AS TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST,<br><br>        Plaintiff,<br><br>vs.<br><br>DESERT RANCH LLLP, a Nevada limited liability limited partnership; DESERT RANCH MANAGEMENT LLC, a Nevada limited liability company; TIMOTHY BLIXSETH, an individual; BEAU BLIXSETH, an individual; THORNTON BYRON LLP, an Idaho limited liability partnership; GEORGE MACK, an individual; JOHN DOES 1-100; and XYZ CORPS. 1-100,<br><br>        Defendants. | CV 15-40-BU-SEH<br><br>Bankruptcy No. 08-61570-11<br><br>Adversary No. 10-00015<br><br>**ORDER** |

On April 29, 2016, the Court issued its Order staying "[a]ll proceedings in this case . . . pending resolution of Desert Ranch LLLP's bankruptcy, 11 U.S.C. § 362."[1] On May 25, 2017, Plaintiff filed a Notice of Entry of Orders Granting Relief from the Automatic Stay.[2] The two orders granting relief from the automatic stay entered by the Central District of California Bankruptcy Court state, in part, "[r]elief from the stay is granted as to Count 1 in the Complaint, only to seek a monetary judgment against the Debtor in the Montana Action."[3] On June 2, 2017, Plaintiff moved for an Order Scheduling a Status Conference.[4]

On July 21, 2017, the parties, in response to the Court's scheduling order of June 23, 2017,[5] filed a Proposed Final Pretrial Order directed to Count I of the Complaint,[6] which recites, *inter alia*:

> The Court has determined that Counts II and III against Thornton Byron LLP remain subject to the automatic stay in the Desert Ranch LLLP and Desert Ranch Management, LLC bankruptcy cases pending in the

---

[1] Doc. 48 at 1.

[2] Doc. 107.

[3] Docs. 107-1 at 2, 107-2 at 2.

[4] Doc. 110.

[5] Doc. 116.

[6] Doc. 127.

Central District of California. *See* Doc. 112; Transcript of Status Conference Proceedings (June 22, 2017) at **4, 5, & 19.[7]

As submitted, the proposed pretrial order fails to comply with the Court's June 23, 2017, scheduling order. A partial list of the deficiencies includes:

1. Filing and providing to Chambers of documents in compliance with paragraphs 4.a., b., c., and d. of the Court's Order of June 23, 2017.

2. Identifying by page number and line number deposition excerpts of Defendants Timothy Blixseth, Desert Ranch LLLP, and Desert Ranch Management, LLC's may call witnesses George Mack and John Thornton as required under L.R. 16.4(b)(2) and the Court's Order of June 23, 2017.

Several additional matters raised in the proposed pretrial order warrant consideration and address.

Defendant Beau Blixseth identified Jonathan Blattmachr as an expert witness who may be called to testify at trial. No report by Blattmachr has been filed. The District of Montana Bankruptcy Court's scheduling order of January 28, 2014, amending the scheduling order of September 5, 2013, required "[a]ll expert witnesses for the parties [to] be identified and their written reports

---

[7] Doc. 127 at 4.

submitted to opposing counsel on or before **April 29, 2014**."[8] The Court has no record of any experts disclosed or of expert reports provided on or before April 29, 2014. Absent a record to the contrary, no expert witness may be called to testify at trial.

Plaintiff submitted nine questions in the proposed pretrial order characterized as issues of law that may be capable of pretrial resolution. Deadlines established in the amended scheduling order entered by the Bankruptcy Court expired in 2014. The status conference set by this Court for May 2, 2016, to consider pretrial matters was not conducted given Desert Ranch LLLP's notice of filing Chapter 7 proceedings in bankruptcy on April 29, 2016. Consequently, this Court entered no scheduling order until June 23, 2017.

ORDERED:

1. Each party shall have to and including August 25, 2017, to fully address and rectify all the pretrial order deficiencies outlined above. Failure to comply may result in the exclusion at trial of matters not properly disclosed.

2. On or before September 1, 2017, Plaintiff shall file a brief directed to all issues deemed capable of pretrial resolution raised by the proposed pretrial

---

[8] Doc. 252 (*Glasser v. Desert Ranch LLLP*, Adv. No. 10-00015 (D. Mont. Bankr. Jan. 28, 2014)).

4

order. On or before September 22, 2017, each defendant shall file a response brief. An optional reply brief by Plaintiff may be filed on or before October 6, 2017. Briefs must comply with the requirements of L.R. 7.1(d)(2).

The Court will schedule an additional status conference to address pretrial issues and the form of the pretrial order if necessary.

FURTHER ORDERED:

In the interest of clarification of the record and appropriate disposition of the issues, the case will proceed to trial on Plaintiff's claims in Count I against Desert Ranch LLLP, Desert Ranch Management LLC, Timothy Blixseth, and Beau Blixseth. Claims against Thornton Byron LLP in Counts II and III will be set for separate trial by further order of Court.

DATED this 14th day of August, 2017.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge