LETTER OF COMMITMENT

This Letter of Commitment is given this 27 day of November, 2017, by Marty Kehoe, of Portland, Oregon. It is based upon a *Purchase and Sale Agreement* between Marty Kehoe (Kehoe) and Timothy Blixseth (Blixseth), wherein Blixseth will transfer and sell to Kehoe all rights and interests in litigation listed on Exhibit A, attached hereto and by this reference incorporated herein.

As part of that *Purchase and Sale Agreement*, Kehoe has agreed to pay the Yellowstone Club Liquidating Trust and its Trustee, Brian A. Glasser (Trust), the sum of Three Million and no/100 Dollars ($3,000,000.00) pursuant to the *Settlement Agreement* between the Trustee and Blixseth, once the Restraining Order or other Orders are lifted by the Federal District Court. Kehoe will make that payment in accordance with the *Settlement Agreement* timeframe.

Kehoe affirms that he is not related to Blixseth or affiliated with any Blixseth related entity and the $3,000,000.00 is not derived from any asset that Blixseth previously transferred either directly or indirectly to Kehoe.

DATED this 27 day of November, 2017.

_____
Marty Kehoe
MK Development LLC
Portland, Oregon

ACKNOWLEDGED AND APPROVED

_____
Timothy Blixseth



Litigation Rights

- 303(i) damages and sanctions claims in the NV Involuntary;
- Potential 42 US Code §1983 claims/their state equivalent, against any former and current employees of the State of Montana and anyone that conspired with them;
- *Timothy Blixseth v. Stephen Brown, et al*, Case No. 2:13-cv-00032-SHE and related appeal(s);
- Any and all possible claims against Wayne L. Prim and 395 Lampe, LLC;
- Any and all possible claims against Edra Blixseth;
- Any interest/claims in the Desert Ranch, LLLP and Desert Ranch Management, LLC bankruptcies;
- Any and all claims relating to Blixseth's alleged interest/Desert Ranch, LLLP's interest in/Desert Ranch Management, LLC's interest in Overlook Partners, LP;
- Malpractice claim against Tim O'Sullivan and claims against Gary Di Silvestri;
- Any and all rights and claims arising from/out of the Exculpation Appeal; and
- Any and all possible claims against Blixseth's attorneys for malpractice

## PURCHASE AND SALE AGREEMENT

This Agreement is entered into this 20th day of November, 2017, by and between Timothy L. Blixseth ("Blixseth") as Seller/Transferor and Marty Kehoe, as Buyer/Transferee ("Buyer").

WHEREAS, the parties understand that Blixseth is in the process of settling litigation with and involving the Yellowstone Club Liquidating Trust and its Trustee, Brian A. Glasser ("Trust").

WHEREAS, Buyer understands that Blixseth has brought or contemplates bringing certain actions against the Trustee and certain Trust Related Parties and other claims against other parties relating to his prior ownership of the Yellowstone Club.

WHEREAS, Buyer understands that the Trustee and Blixseth have moved forward to fully and finally resolve all differences and claims by way of a global settlement agreement between them as to all prior litigation which has been or which could be brought and any other matters between them.

NOW THEREFORE, in consideration of this Purchase and Sale Agreement set forth herein, Blixseth and Buyer agree as follows:

1. For good and valuable consideration, Seller and Buyer agree to perform in accordance with this Agreement and acknowledge that time is of the essence.

2. Buyer understands that as a part of the Settlement Agreement between the Trustee and Blixseth there is a requirement that in order to obtain a lifting of any restraining order or other orders that the Buyer's identity will be disclosed. Once the restraining order or orders are lifted then there will be

a payment from the Buyer, who is unrelated and unaffiliated with Blixseth, of $3,000,000.00 to the Trustee. That Payment will require the Trustee to honor his obligation to dismiss all litigation and judgments described in the Settlement Agreement between the Trust and Blixseth with prejudice. In exchange for the Payment, Blixseth hereby transfers to Buyer any and all rights and interests in his litigation matters listed in EXHIBIT A, attached hereto, and incorporated herein by reference.

3. Buyer agrees to pay Trustee said $3,000,000.00 when the Settlement Agreement between the Trust and Blixseth has been signed by the Trustee, approved by the Board of the Yellowstone Club Liquidating Trust, and the restraining order or orders are lifted. Buyer agrees to pay the Payment to the Trustee within ten (10) business days of the later of (a) the date on which the Trustee provides notice of the Board's approval of this agreement, and (b) the date the restraining order is modified to allow Blixseth to lawfully transfer all litigation rights and interests as described in EXHIBIT A. Buyer understands that this Agreement shall be null and void if Buyer fails to timely make Payment.

4. Buyer represents and warrants that Buyer has never been associated with Blixseth, directly or indirectly in any business transaction, in any way, shape, or form. The source of the funds are not derived from any asset Blixseth has ever previously transferred, either directly or indirectly to the Buyer.

5. Buyers shall receive and Blixseth shall convey the full rights to all of Blixseth's litigation matters and rights therein as described in EXHIBIT A, as soon as the said restraining order is lifted by the Court. Buyer agrees to prosecute the litigation matters at the direction of Blixseth. Buyer is not receiving any asset that Blixseth previously transferred, either directly or indirectly, to Buyer. Further, Blixseth agrees to fully cooperate with Buyer and to execute any such legal documents as needed for Buyer to optimize the success of the actions/cases described in EXHIBIT A and which are transferred herein for fair consideration.

6. Buyer represents and warrants that he is not related to Blixseth or any entity related to or affiliated with Blixseth.

7. The Parties to this Agreement agree to maintain its confidentiality except as otherwise necessary to disclose such Agreement to the Trustee or to pursue the claims and/or litigation rights transferred hereunder, as described in EXHIBIT A.

8. The parties understand any Agreement to transfer the litigation rights described in EXHIBIT A is not effective until the restraining order is modified or vacated specifically allowing such transfer.

DATED: 11/27/17                    DATED: 11-27-17

_____            _____
Timothy L. Blixseth                Marty Kehoe
Seller/Transferor                  Buyer/Transferee

3



Litigation Rights

- 303(i) damages and sanctions claims in the NV Involuntary;
- Potential 42 US Code §1983 claims/their state equivalent, against any former and current employees of the State of Montana and anyone that conspired with them;
- *Timothy Blixseth v. Stephen Brown, et al*, Case No. 2:13-cv-00032-SHE and related appeal(s);
- Any and all possible claims against Wayne L. Prim and 395 Lampe, LLC;
- Any and all possible claims against Edra Blixseth;
- Any interest/claims in the Desert Ranch, LLLP and Desert Ranch Management, LLC bankruptcies;
- Any and all claims relating to Blixseth's alleged interest/Desert Ranch, LLLP's interest in/Desert Ranch Management, LLC's interest in Overlook Partners, LP;
- Malpractice claim against Tim O'Sullivan and claims against Gary Di Silvestri;
- Any and all rights and claims arising from/out of the Exculpation Appeal; and
- Any and all possible claims against Blixseth's attorneys for malpractice

# DECLARATAION OF TIMOTHY L BLIXSETH

I, TIMOTHY L BLIXSETH, declare and state as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. The source of the Payment that is the subject of the Settlement Agreement between myself and the Yellowstone Club Liquidating Trustee is (a) solely the result of my encumbering, transferring or assigning my litigation rights identified in Schedule 6.1 of the Settlement Agreement and attached hereto as Exhibit 1, other than litigation rights released pursuant hereto, to a third party who is not related to me or affiliated with any of my related entity and (b) not from or derived from any asset that I previously transferred, either directly or indirectly, to such third party.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 21, 2017, at Palm Desert, California.

_____
Timothy L Blixseth



-1-

Schedule 6.1
Litigation Rights

- 303(i) damages and sanctions claims in the NV Involuntary;
- Potential 42 US Code §1983 claims/their state equivalent, against any former and current employees of the State of Montana and anyone that conspired with them;
- *Timothy Blixseth v. Stephen Brown, et al*, Case No. 2:13-cv-00032-SHE and related appeal(s);
- Any and all possible claims against Wayne L. Prim and 395 Lampe, LLC;
- Any and all possible claims against Edra Blixseth;
- Any interest/claims in the Desert Ranch, LLLP and Desert Ranch Management, LLC bankruptcies;
- Any and all claims relating to Blixseth's alleged interest/Desert Ranch, LLLP's interest in/Desert Ranch Management, LLC's interest in Overlook Partners, LP;
- Malpractice claim against Tim O'Sullivan and claims against Gary Di Silvestri;
- Any and all rights and claims arising from/out of the Exculpation Appeal; and
- Any and all possible claims against Blixseth's attorneys for malpractice