MUTUAL GENERAL RELEASE

1.      *Definitions*.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement entered into as of November 17, 2017 (the "Settlement Agreement") by and between Brian A. Glasser, as Trustee of the Yellowstone Club Liquidating Trust and Timothy L. Blixseth.

2.      *Release*s.  As contemplated in the Settlement Agreement Sections 3.2 and 3.3, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in order to settle all claims asserted or that could have been asserted by the parties to this Mutual Release, including, without limitation, those relating to the Yellowstone Mountain Club, LLC and related matters:

(a)      On and as of the Effective Date, Blixseth, for and on behalf of himself, agents, representatives, attorneys, insurers, heirs, and assigns, hereby unconditionally and irrevocably releases, covenants not to sue, and forever discharges the undersigned Trust Related Party and its predecessors, successors, agents, representatives, attorneys, insurers, heirs, and assigns from any and all claims, liens, obligations, suits, demands, damages or actions of any type or nature whatsoever (collectively, the "Causes of Action"), whether arising in contract, quasi-contract, tort, statute, code, or any other basis in law or equity, whether known or unknown, suspected or unsuspected, and whether or not related in any way whatsoever to the Litigation, the basis of which arose at any time on or prior to the Effective Date of the Agreement, including, without limitation, any Causes of Action that are or could have been the subject of Blixseth's appeal regarding the exculpation clause in Ninth Cir. Case No. 16-35304 ("Exculpation Appeal"), it being understood that Blixseth shall release and dismiss the Exculpation Appeal only as against the undersigned Trust-Related Party; and

(b)      On and as of the Blixseth Release Effective Date, the undersigned Trust-Related Party, for and on behalf of itself and its agents, representatives, attorneys, insurers, heirs, and assigns, hereby unconditionally and irrevocably releases, covenants not to sue, and forever discharges Blixseth and his heirs and assigns from any and all claims, liens, obligations, suits, demands, damages or actions of any type or nature whatsoever, whether arising in contract, quasi-contract, tort, statute, code, or any other basis in law or equity, whether known or unknown, suspected or unsuspected, and whether or not related in any way whatsoever to the Litigation, the basis of which arose at any time on or prior to the Effective Date, including, without limitation, the sanctions awarded CIP Sunrise Ridge Owner, LLC, Yellowstone Mountain Club, LLC and CIP Yellowstone Lending, LLC, against Blixseth by the Ninth Circuit Court of Appeals, but expressly excluding their claims against Michael J. Flynn relating to the sanctions awarded in their favor by the Ninth Circuit Court of Appeals.

(c)      This mutual release shall not be construed to extend any release to Edra Blixseth in any capacity; Steve Brown and his firm, its subsidiaries, affiliates, and any of its partners, officers, employees, agents, attorneys, and insurers in any capacity, including but not limited to, the action entitled *Timothy Blixseth v. Stephen Brown, et al, Case No. 2:13-cv-00032-SHE and related appeal(s) ("Brown Matter");* and The State of Montana

("MT"), including but not limited to the MT Department of Revenue, the MT Attorney General, or the Governor of MT (past and present).

(d)     The undersigned Trust-Related Party agrees to prepare and file, within fourteen (14) business days of the Effective Date, appropriate documents to request that all sanctions awarded to the Trust-Related Party and any of its affiliates, including CIP Sunrise Ridge Owner, LLC, Yellowstone Mountain Club, LLC and CIP Yellowstone Lending, LLC, against Blixseth in the Ninth Circuit Court of Appeals, be discharged or deemed satisfied. This Mutual General Release will not become effective for the undersigned Trust-Related Party unless and until the said sanctions are in fact discharged or deemed satisfied.

(e)     Each party to this Mutual Release expressly warrants and affirms it has full right, power, capacity and valid authority to enter into this Mutual Release and that such action does not conflict with or violate any provision of law, regulation, policy, contract, or other instrument to which it is a party or by which it is bound and that this Mutual Release constitutes a binding and enforceable Agreement.  Each Party warrants and affirms it shall perform its respective obligations herein.

Dated:  _____

_____
Timothy L. Blixseth

[Trust-Related Party]

By: _____
Name:
Title: