IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

FILED

FEB 1 5 2018

Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| In re:<br><br>YELLOWSTONE MOUNTAIN CLUB, LLC, *et al*,<br><br>Debtors. | CV 15-40-BU-SEH<br><br>Bankruptcy No. 08-61570-11<br><br>Adversary No. 10-00015 |
| BRIAN A. GLASSER, AS TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>DESERT RANCH LLLP, a Nevada limited liability limited partnership; DESERT RANCH MANAGEMENT LLC, a Nevada limited liability company; TIMOTHY BLIXSETH, an individual; BEAU BLIXSETH, an individual; THORNTON BYRON LLP, an Idaho limited liability partnership; GEORGE MACK, an individual; JOHN DOES 1-100; and XYZ CORPS. 1-100,<br><br>Defendants. | **STIPULATED ORDER REGARDING INJUNCTION ORDER (BANKR. DOC. 216)** |

Pending before the Court is Plaintiff Brian A. Glasser, as Trustee of the Yellowstone Club Liquidating Trust's Amended Motion for Entry of a Stipulated Order Modifying Preliminary Injunction[1] and the parties' Stipulation regarding Injunction Order,[2]

ORDERED:

1. The Bankruptcy Court's order dated December 13, 2013 (Bankr. Doc. 216) (the "Restraining Order") enjoining Timothy L. Blixseth ("Blixseth") "from spending, transferring, concealing, dissipating, disposing, assigning, hypothecating and/or encumbering any of [his] assets in an amount or of a value that exceeds $5,000.00 without prior Court approval"[3] is hereby modified solely for the purpose of allowing Blixseth to transfer, assign, or encumber the Litigation Rights (as defined in the Stipulation[4]) to the Third Party (as defined in the Stipulation[5]) in connection with the consummation of the transactions

---

[1] Doc. 155.

[2] Doc. 156-2.

[3] Doc. 216 at 2, *In re Yellowstone Mountain Club, LLC,* Adv. No. 10-00015 (Bankr. D. Mont. Dec. 13, 2013).

[4] Doc. 156-2.

[5] Doc. 156-2.

contemplated by the Agreement (as defined in the Stipulation[6]).

2.     Except as expressly modified herein, the Restraining Order shall remain in full force and effect.

3.     The authority granted pursuant to this Stipulated Order and any transfer, assignment, or encumbrance pursuant hereto shall be null and void and of no force and effect if the Third Party fails to timely consummate the transactions contemplated by the Agreement.

DATED this 15th day of February, 2018.

SAM E. HADDON
United States District Judge

---

[6] Doc. 156-2.